IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ~~~ D.C.

05 JUN 16 PM 6: 39

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

```
VINCENT LANIER,            X
                           X
          Plaintiff,       X
                           X
vs.                        X        No. 05-2203-Ml/P
                           X
RICHARD HOLIDAY, et al.,   X
                           X
          Defendants.      X
                           X
```

ORDER DENYING MOTION FOR REMAND
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER ASSESSING APPELLATE FILING FEE
ORDER REAFFIRMING PREVIOUS SANCTIONS
AND
ORDER IMPOSING MONETARY SANCTION OF $250

Plaintiff, Vincent Lanier, inmate number 497, an inmate imprisoned with the Shelby County Division of Corrections (SCDC), in Memphis, Tennessee, filed a complaint in Shelby County Circuit Court against Richard Holiday, Hardy Young, Gary Soileau, Correctional Medical Services (CMS), George Little, and Shelby County.[1] Because Plaintiff alleged violations of his constitutional rights, Defendants Holiday, Soileau, and CMS filed a removal petition pursuant to 28 U.S.C. §§ 1441 and 1446. The Clerk of Court shall record the Defendants as Richard Holiday, Hardy Young,

---

[1]    Smith named the Shelby County Department of Corrections as a defendant. Governmental divisions and departments are not suable entities, therefore, the Court construes the complaint as naming Shelby County as the defendant. See Hafer v. Melo, 502 U.S. 21 (1991).

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 6-17-05

(7)

Gary Soileau, Correctional Medical Services, George Little, and Shelby County.

In <u>Lanier v. Sprecher</u>, No. 97-2623-Ml/V, the Court notified Plaintiff that he was no longer eligible to file <u>in forma pauperis actions</u> and placed further restrictions on his filing privileges.[2] The Court's order prohibited Vincent Lanier from filing further <u>in forma pauperis</u> actions in this district without leave of court and directed the Clerk "not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district." The order also admonished Plaintiff that in the event he failed to abide by that order's restrictions, "the Court will then impose further sanctions against the plaintiff, including a further monetary fine, which may be collected directly from his prison trust fund account."

Plaintiff attempted to circumvent the restrictions on his filing privileges by filing this action in Shelby County Circuit

---

[2]     The following cases filed by Plaintiff in this district court were dismissed and counted as strikes under 28 U.S.C. § 1915(g):

1.   <u>Lanier v. Gilless, et al.</u>, No. 91-2942-Tu/Bro (W.D. Tenn. Dec. 2, 1991)(dismissing § 1983 claim as frivolous under § 1915(d));

2.   <u>Lanier v. Sprecher, et al.</u>, No. 97-2591-Tu/V (W.D. Tenn. Sept. 18, 1997)(dismissing § 1983 claims as frivolous under § 1915(e)(2)(B)(i));

3.   <u>Lanier v. Sprecher, et al.</u>, No. 97-2623-Ml/V (W.D. Tenn. Aug. 25, 1997)(dismissing § 1983 claims as frivolous under § 1915(e)(2)(B)(i) and imposing restrictions on filing privileges under § 1915(g)).

Court, along with an oath of indigency.  In accordance with the order entered August 25, 1997, unless Plaintiff can demonstrate that he is now under imminent danger of serious physical injury, he cannot proceed under § 1915(b).[3]

On July 9, August 12, and September 7 and 14, 2004, while incarcerated, Plaintiff wrote to the Court, the Clerk of Court, and the Court's Staff Attorney about the issues raised in this complaint.  Plaintiff was advised on two separate occasions by the Court's Staff Attorney that Plaintiff's allegations regarding violation of his religious rights were insufficient to demonstrate imminent danger of serious physical injury, therefore he must pay the full $150 filing fee in advance pursuant to 28 U.S.C. § 1915(g).[4]  Nonetheless, on February 10, 2005, Plaintiff commenced this action in Shelby County Circuit Court.

On March 15, 2005, Defendants Holiday, Soileau, and CMS filed a notice of removal.  On March 31, 2005, Plaintiff filed a "notice of concern/notice of protest," admitting that his claims arise under § 1983, but requesting that the Court lift the restrictions on his filing privileges or remand his case to the Shelby County

---

[3]      The threshold requirement for a prisoner seeking to demonstrate that he is exempt from § 1915(g) restrictions is an allegation of "imminent danger of serious physical harm."  Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997).  See Pigg v. Federal Bureau of Investigation, 106 F.3d 1497, 1497 (10th Cir. 1997); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996).  The Court will focus on the imminence of the danger "at the time of the alleged incident, and not at the time the complaint was filed." Gibbs, 116 F.3d at 83.

[4]      Effective February 7, 2005, the civil filing fee was increased to $250.

Circuit Court.  On May 31, 2005, Plaintiff filed a memorandum in opposition to removal and on June 3, 2005, Plaintiff filed an opposition to Defendant's protective order and stay of proceedings.

Once a notice of removal is filed, under 28 U.S.C. § 1446(4), the district court examines the notice to determine if removal shall be permitted.  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343.

Because the complaint asserts claims pursuant to 42 U.S.C. § 1983, over which the federal courts have original jurisdiction, the defendants have an absolute right to remove it from state court. 28 U.S.C. § 1441(b).  Accordingly, this Court has original jurisdiction of Plaintiff's claims, and the removal is proper. Plaintiff's March 31, May 31, and June 3, 2005, submissions, insofar as they can be construed as motions to remand, are therefore DENIED.

The Court invokes its authority pursuant to 28 U.S.C. § 1915A, to screen prisoner complaints. Plaintiff alleges that, on February 12, 2004, he was required to "submit to an annual tuberculosis (TB) skin test."  Plaintiff alleges that the TB serum used by CMS contains pork byproduct. He alleges that he advised Holiday and Hardy that his religious beliefs as a Muslim would be violated by

4

the injection of the serum into his body.  He alleges that Holiday
and Hardy notified him that his continued refusal to submit to the
test would result in the issuance of a disciplinary infraction and
placement in administrative segregation for refusing medical
treatment.   Plaintiff alleges that the disciplinary infraction
would result in the loss of sentence credits and extend his
imprisonment at the SCDC.  He alleges that at some unspecified
date, he submitted to the TB test to avoid the disciplinary
infraction.

Plaintiff also alleges that, on June 28, 2004, after
researching the issue and deciding that his rights to freedom of
religion and to be free from cruel and unusual punishment were
violated, he wrote to Defendant Soileau.  He alleges he submitted
an informal grievance on June 29, 2004, and spoke with Soileau the
next day.   Plaintiff alleges that Soileau advised him an
alternative test was available for TB, however, it was more
expensive.  Plaintiff further alleges that Soileau advised him that
he would not be required to take another skin test for TB.  On July
2, 2004, Plaintiff filed a formal grievance.  He alleges that he
received a response on July 23, 2004, which he appealed.   He
alleges that, as of the date he filed his complaint in state court,
he had not received a response to his appeal.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires
a federal court to dismiss without prejudice whenever a prisoner
brings a prison conditions claim without demonstrating that he has
exhausted his administrative remedies.  Brown v. Toombs, 139 F.3d

1102 (6th Cir. 1998). The Court has reaffirmed that this requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. June 15, 2000). The Court previously applied § 1997e(a) to claims seeking monetary damages. Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999).

> In order to comply with the mandates of 42 U.S.C. § 1997e(a),
>
> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)(prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, No. 99-3474, 2001 WL 435278, at *7-*8 (6th Cir. Apr. 30, 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); see also Curry, No. 99-3474, 2001 WL 435278, at *6 & n.3.

This complaint is fully within the scope of § 1997e. Plaintiff admits that the appeal of his grievance was pending at the time he filed this complaint in Shelby County Circuit Court on

6

February 10, 2005. His allegations are insufficient to satisfy the exhaustion requirements of § 1997e(e).[5] The Sixth Circuit has held that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489. As plaintiff has not exhausted his administrative remedies, the Court dismisses this complaint without prejudice under 42 U.S.C. § 1997e(a).

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Under Brown v. Toombs, an appellate court must dismiss a complaint if a prisoner has failed to comply with § 1997e's exhaustion requirements.

Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same

---

[5]    An inmate can exhaust administrative remedies in two ways. He might file the grievance and then appeal it through all administrative levels made available by the particular institution or government agency. Alternatively, he might attempt in good faith to follow the procedure and demonstrate that the institution or agency has completely frustrated the procedure and rendered further exhaustion efforts futile.

considerations that lead the Court to dismiss this case for failure
to exhaust administrative remedies compel the conclusion that an
appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3),
that any appeal in this matter by plaintiff is not taken in good
faith, and plaintiff may not proceed on appeal in forma pauperis.

The United States Court of Appeals for the Sixth Circuit has
held that a certification that an appeal is not taken in good faith
does not affect an indigent prisoner plaintiff's ability to take
advantage of the installment procedures contained in § 1915(b).
McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).
McGore sets out specific procedures for implementing the PLRA.
However, as this is the fourth dismissal of one of plaintiff's
cases as frivolous or for failure to state a claim, 28 U.S.C. §
1915(g) bars him from taking an appeal under § 1915(b).  Green v.
Nottingham, 90 F.3d 415, 417 (10th Cir. 1996).

Accordingly, if plaintiff files a notice of appeal, the Clerk
is ORDERED to assess and collect the entire fee of $255 from his
prison trust fund account whenever funds are in the account,
without regard to the installment payment provisions of § 1915(b).
Furthermore, if plaintiff files a notice of appeal, he must pay the
entire fee within thirty days of filing that notice.  If he does
not, this Court will notify the United States Court of Appeals for
the Sixth Circuit that he has failed to comply with the fee
requirements, and that Court will dismiss his appeal.  It will not

be reinstated thereafter even if he does pay the filing fee.  Cf. McGore, 114 F.3d at 609-10.

Finally, regarding the imposition of sanctions, the Court reaffirms the previous sanctions order entered in Lanier v. Sprecher, No. 97-2623-Ml/V (W.D. Tenn. Aug. 25, 1997).  Compliance with that order is a condition to filing any case in this Court. Furthermore, any case submitted by this plaintiff to another court that is thereafter transferred or removed to this district court will result in the same sanctions.

The Clerk of Court is ORDERED not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district.

Plaintiff was previously admonished in Lanier v. Sprecher, No. 97-2623-Ml/V (W.D. Tenn. Aug. 25, 1997), that a monetary fine could be imposed if plaintiff filed documents without leave of court and which were not in compliance with the Court's order.  On three occasions, Plaintiff wrote to the Court, the Clerk of Court, and the Court's Staff Attorney about the issues raised in this complaint.  The Court's Staff Attorney twice advised Plaintiff that the allegations regarding violation of his religious rights were insufficient to demonstrate imminent danger of serious physical injury, that his documents did not comply with the court's order, and that he must pay the full  filing fee in advance pursuant to 28 U.S.C. § 1915(g). Nonetheless, Plaintiff filed his complaint in

9

state court.   Plaintiff's willful disobedience resulted in the docketing of a complaint of unexhausted claims which fail to state a claim upon which relief may be granted.   Therefore, the Court orders him to pay a fine of $250,[6] in addition to the $255 appellate filing fee should he appeal.

Plaintiff is ORDERED not to file any further documents in this or any other action except a one-page notice of appeal.   The Clerk shall not accept for filing in this or Plaintiff's other actions any document whatsoever except that notice of appeal.   Any other documents submitted shall be forthwith returned to him by the Clerk.

IT IS SO ORDERED this ___16___ day of June, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[6]   Plaintiff would have immediately incurred and been assessed a $250 filing fee under § 1915(g) had he filed this complaint in the district court on February 10, 2005.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:05-CV-02203 was distributed by fax, mail, or direct printing on June 17, 2005 to the parties listed.

---

Jerry O. Potter
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Vincent Lanier
SCDC
497
1045 Mullins Station Road
Memphis, TN 38134

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT